JOSEPH DI BENNEDETTO, APPELLANT, v. BERNARD FRIEDMAN ET AL., RESPONDENTS.

Submitted May 29, 1925—Decided October 19, 1925.

1. In actions of deceit inducing the plaintiff to purchase shares of stock, the plaintiff must show that he has sustained the damages which he alleges he suffered, and an essential element in the proof is to show the value of the shares of stock when the fraud was discovered.

2. A verdict will not be set aside for an error in the trial court's charge, which was not prejudicial to the appellant, and he cannot take advantage of it to reverse the judgment.

3. The trial court is not bound to receive a verdict of a jury which is inconsistent with the law of the charge, because a verdict cannot be sustained upon a theory of the law, contrary to that upon which the case was submitted to the jury.

On appeal from the Supreme Court.

For the appellant, *Edward R. McGlynn.*

For the defendants, *Louis K. Press.*

The opinion of the court was delivered by

BLACK, J. The trial of this case resulted in a verdict for the defendants for the sum of $1,456.68 on their counter-claim. The suit was based upon the allegations in the complaint, that the plaintiff was induced to purchase sixty shares of stock of the Irvington Soap Manufacturing Company by false representations, that the company had liabilities of $957.41, whereas, in fact, the company owed at least $3,513.93. The counter-claim was to recover the amount of two promissory notes dated November 28th, 1924, for $1,000 each and the amount of a check of the same date for $700. The answer to the counter-claim admits the execution of the promissory notes and the check, but alleges they were given in part payment of the purchase price of the shares of stock described in the complaint; that there was a failure of con-

sideration, and the plaintiff does not owe the defendants anything.

The appellant files three grounds of appeal—first and second, error in the charge of the trial judge to the jury; third, error in the trial judge refusing to receive the first verdict announced by the jury. The first and third grounds of appeal are the only ones argued and relied upon by the appellant in the brief. The record shows the plaintiff did not buy all the shares of stock of the company, but only sixty shares out of one hundred and twelve and a half shares issued. The judge, in one portion of the charge complained of in the first ground of appeal, limited the jury in finding damages to that proportion of the number of shares purchased to the entire amount of stock issued, which would be in the proportion of sixty to one hundred and twelve and a half, and that the proportion as figured could not in any event exceed $1,365. Then, the judge further charged, in the passage complained of: "The loss * * *, was the difference between the plaintiff's investment and the value of the stock after the fraud ceased to be operative * * * that is, after the failure of the company."

There was no evidence as to the value of the stock at that time. Notwithstanding this lack of proof, the court permitted the case to go to the jury on the theory that if it was true that there had been a false statement made as to the liabilities of the company, the plaintiff was deprived of some of the fruits of the bargain, and, in such a situation, the plaintiff's damage was the ratio of the stock purchased by the plaintiff to the difference in the amount of liabilities claimed to have been represented and actually existing. Surely, this part of the charge complained of was more favorable to the plaintiff than he was entitled to have charged. It was not prejudicial to the plaintiff, and, therefore, not error for which he can take advantage to reverse the judgment. *Rogers* v. *Colt,* 21 *N. J. L.* 704; *Leport* v. *Todd,* 32 *Id.* 124; *Enstice* v. *Courtright,* 61 *Id.* 653; *Freeman* v. *Headley,* 33 *Id.* 523. Section 27 of the Practice act (*Pamph. L.* 1912, *p.* 382) provides that no judgment shall be reversed unless, after examination of the

whole case, it shall appear that the error injuriously affected the substantial rights of the party. It is well and firmly settled in this court that in actions of deceit the plaintiff must show that he has sustained the damages which he alleges he suffered. *Bingham* v. *Fish,* 89 *Id.* 688. There is in the case no proof as to the value of the stock. *Lams* v. *Fish,* 86 *Id.* 321; *Duffy* v. *McKenna,* 82 *Id.* 62. This, in those cases, was held to be fatal to a substantial recovery.

It was not error for the trial court to send the jury back for further deliberation after the jury had announced its first verdict. That verdict was inconsistent with the law of the charge to the jury. The trial judge was not bound to receive such a verdict. It would be set aside by the court on a rule to show cause, because a verdict cannot be sustained upon a theory of the law contrary to that upon which the case was submitted to the jury. *Sensfelder* v. *Stokes,* 69 *N. J. L.* 86; *Cook* v. *American, &c., Gunpowder Co.,* 70 *Id.* 65; *Bowlby* v. *Phillipsburg,* 83 *Id.* 377; *Queen* v. *Jennings,* 93 *Id.* 353.

The appellant can take nothing under either of the grounds of appeal argued.

Finding no legal error in the record the judgment of the Supreme Court is therefore affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.